(118 App. Div. 384)

### SELAH v. NEW YORK TIMES CO.

(Supreme Court, Appellate Division, First Department.  March 22, 1907.)

APPEAL—SETTLEMENT OF CASE—EXCLUSION OF EVIDENCE.

Where evidence in explanation of a receipt given by plaintiff is excluded on objection by defendant, and defendant appeals, plaintiff is entitled to have the fact that such evidence was excluded on objection by defendant appear in making up the case on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2486.]

Appeal from Special Term.

Action by Frank A. Selah against the New York Times Company. Appeal from order denying motion to resettle case on appeal.  Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

W. M. Seabury, for appellant.
Alfred A. Cook, for respondent.

INGRAHAM, J.  Upon the trial of this action, which was to recover for services rendered by the plaintiff to the defendant, a receipt signed by the plaintiff had been introduced in evidence.  When plaintiff was on the stand he was handed this receipt and asked what explanation he had to make as to his signature to the paper.  That was objected to by the defendant, and the objection sustained.  Other questions were asked in relation to this receipt, and to show that at the time the receipt was given it was not intended to release the defendant from all claims by the plaintiff.  This evidence was excluded upon the objection of the defendant.  The plaintiff recovered a verdict, from which the defendant has appealed.

In making up the case on appeal the defendant excluded the questions relating to the release excluded at the trial, and the plaintiff (respondent) sought to have the questions inserted, with a statement that they were excluded on objection by the defendant.  The learned trial judge refused to allow these amendments.  It would appear that upon the appeal the question would be raised as to the effect of this receipt, and it may become material for the plaintiff to show that he had offered to explain it, but that his testimony in relation to it was excluded on objection of the defendant, so that he could have the benefit of the rule that an appellant cannot have a judgment reversed, on the ground that there was a failure of evidence, where on his own objection the evidence upon the subject had been excluded.  I think the plaintiff was entitled to have this fact appear in the case.  There

is no dispute about the facts. The questions were asked by the plaintiff, were objected to by the defendant, and on such objection the evidence was excluded. The plaintiff's exceptions to the rulings would be entirely immaterial, and were quite properly excluded from the case; but the fact that this testimony was offered and excluded in consequence of the objections of the defendant should appear.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the case sent back to the learned trial justice to resettle the case in accordance with the views here expressed. All concur.